**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEANNA MYRON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 26 C 10602 |
| | ) | |
| BOARD OF EDUCATION OF THE CITY OF CHICAGO, AND MICHELLE WILLIS, | ) | Judge John J. Tharp, Jr. |
| | ) | |
| | ) | Magistrate Judge Heather K. McShain |
| | ) | |
| Defendants. | | |

**ORDER**

For the reasons set forth in the statement below, defendant Willis's motion to dismiss Count III [23] is denied. Pursuant to Fed. R. Civ. P. 12(a)(4)(A), the plaintiff's responsive pleading is due by 12/7/2026.

**STATEMENT**

Plaintiff Deanna Myron asserts a single claim, namely that defendants Willis and the Board of Education for the City of Chicago subjected her to adverse treatment in her employment due to her race. Myron posits three explicit legal theories in support of this claim, asserting that the defendants have violated Title VII on two separate grounds (Counts I-II) in addition to 42 U.S.C. § 1983 (Count III). Willis has moved to dismiss Count III. But in doing so, Willis confuses claims and legal theories.

A "claim is the aggregate of operative facts which give rise to a right enforceable in the courts." *Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 399 (7th Cir. 2012) (quotation omitted). Myron has asserted one claim and three legal theories in support of that claim. "Counts" are the authorized device for asserting distinct claims—that is, claims "founded on a separate transaction or occurrence," *see* Fed. R. Civ. P. 10(b)—but as here, are often employed to assert different legal theories in support of a claim.[1] A "complaint need not identify a legal theory, and specifying an incorrect theory is not fatal," *Bartholet v. Reishauer A.G. (Zürich)*, 953 F.2d 1073, 1078 (7th Cir. 1992), but no matter how many legal theories, or "counts," a plaintiff may assert, they constitute a single "claim" to the extent they are premised on the same facts. "[D]ifferent legal theories . . .

[1] Though a common practice, setting forth legal theories in separate counts is inconsistent with the federal pleading rules. As Judge Shadur explained in *Bonestroo, Rosene, Anderlik & Associates v. Devery*, "the use of separate counts to set out different theories of recovery is a mistaken manifestation of the state law 'cause of action' approach, rather than the federal concept of 'claim for relief.'" No. 05-cv-02184, 2006 WL 1005284, at *11 (N.D. Ill. Apr. 12, 2006) (citing *NAACP v. Am. Fam. Mut. Ins. Co.*, 978 F.2d 287, 292 (7th Cir.1991)).

do not multiply the number of claims for relief." *NAACP v. Am. Fam. Mut. Ins. Co.,* 978 F.2d 287, 292 (7th Cir. 1992); *see also id.* ("One set of facts producing one injury creates one claim for relief, no matter how many laws the deeds violate.").

The distinction between claims and legal theories is important because Rule 12(b)(6) permits only the dismissal of claims, not legal theories. "A motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of *parts* of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief." *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015). "[A] complaint cannot be dismissed merely because one of the theories on which it proceeds, and the facts alleged in support of that theory, do not make out a claim for relief." *Am. Nurses' Ass'n v. Illinois*, 783 F.2d 716, 727 (7th Cir. 1986). To the extent that any viable legal theory exists to support a claim, that claim will survive a motion to dismiss. *See Richards v. Mitcheff*, 696 F.3d 635, 638 (7th Cir. 2012); *Croixland Props. Ltd. v. Corcoran*, 174 F.3d 213, 218 (D.C. Cir. 1999) ("[I]f one of the theories can survive a Rule 12(b)(6) motion, the district court cannot dismiss the complaint."); *Churchwick Partners, LLC v. Seal Keystone, LLC*, No. 22-cv-02251, 2023 WL 2973801, at *2 (S.D. Ind. Apr. 17, 2023) ("A Rule 12(b)(6) motion cannot be used to dismiss individual legal theories advanced in support of a claim, so long as at least one theory, implicit or explicit, remains[.]").

The time for identifying and testing the viability of legal theories comes after pleading and responding to the complaint, during discovery and the summary judgment process. *ACF 2006 Corp. v. Mark C. Ladendorf, Att'y at L., P.C.*, 826 F.3d 976, 981 (7th Cir. 2016) ("Making legal arguments in support of one's claim comes after the pleadings."); *BBL,* 809 F.3d at 325 ("Summary judgment is different. The Federal Rules of Civil Procedure explicitly allow for '[p]artial [s]ummary [j]udgment' and require parties to 'identif[y] each claim or defense—*or the part of each claim or defense*—on which summary judgment is sought.'") (alterations in original) (quoting Fed. R. Civ. P. 56(a)); *Alioto v. Town of Lisbon,* 651 F.3d 715, 721 (7th Cir. 2011) ("[W]e have stated repeatedly (and frequently) that a complaint need not plead legal theories, which can be learned during discovery."). At this stage, it is enough to plead a plausible claim, after which "a plaintiff 'receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007) (quoting *Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)). "A full description of the facts that will prove the plaintiff's claim comes later, at the summary-judgment stage or in the pretrial order." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017).

"What this all means is that when two theories based on the same facts—and part of a single claim for relief—are presented in a complaint, and a defendant only challenges the sufficiency of the complaint as to one of the theories, the claim cannot be dismissed." *Winstead v. Lafayette Cnty. Bd. of Cnty. Comm'rs*, 197 F. Supp. 3d 1334, 1341 (N.D. Fla. 2016). "And the challenged *theory* can't be dismissed, either, because dismissal of theories (as opposed to claims) is inappropriate at the motion to dismiss stage." *Id.* So here, where Myron has asserted multiple legal theories in support of a single claim, Willis faces the challenging task of demonstrating that there is no legal theory under which the plaintiff is entitled to relief. If even one legal theory plausibly gives rise to a claim for relief, then it does not matter whether the rest of the theories the plaintiff has advanced, or any theory the plaintiff has not advanced, would succeed or fail. If just one theory could entitle Myron to relief, the complaint cannot be dismissed and a motion pursuant to Rule 12(b)(6) must be denied.

In this case, Willis argues that the Court should dismiss Count III for two reasons, neither of which is persuasive. Willis first argues that Myron failed to state a claim under § 1983, but this ignores that "a complaint need not identify a legal theory." *Bartholet*, 953 at 1078. Willis argues that "a plaintiff must allege facts supporting" a violation of § 1983, but this mistakes the fact-pleading standard of state law with the notice-pleading standard of federal law. *Compare Zurich Am. Ins. Co. v. Ocwen Fin. Corp.*, 990 F.3d 1073, 1080 (7th Cir. 2021) (explaining Illinois's fact-pleading requirements) *with* Fed. R. Civ. P. 8(a) (requiring that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief."). Willis receives fair notice through the complaint. In federal court, Myron does not need to match specific facts to specific statutory elements. *Chapman*, 875 F.3d at 848 ("it is manifestly inappropriate for a district court to demand that complaints contain all legal elements (or factors) plus facts corresponding to each.").

Second, Willis contends that qualified immunity shields her from Count III. Even if qualified immunity is a relevant defense, Willis is only raising it to one of the three legal theories posited by Myron. As previously stated, Willis needed to demonstrate that there is no legal theory that entitles Myron to relief. At a minimum, Willis needed to take issue with all the complaint's explicit legal theories. To reiterate, the Court cannot dismiss individual legal theories pursuant to a 12(b)(6) motion. It may only dismiss a complaint for "failure to state a ***claim*** upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (emphasis added). Willis attempts to use qualified immunity to dismiss a specific legal theory—*i.e.*, 28 U.S.C § 1983—instead of Myron's single claim. At this stage in the litigation, the Court cannot consider such an argument.

Accordingly, the motion to dismiss is denied.

Date: November 23, 2026

John J. Tharp, Jr.
United States District Judge